UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOTHAR BRUNKE,

                Plaintiff,

-against-

DR. JUERGEN RODEGRA,

                Defendant.

19-CV-2266 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff Lothar Brunke, a citizen of Germany, paid the relevant fees to file this *pro se* complaint — under the Court's diversity jurisdiction, 28 U.S.C. § 1332 — asserting claims of fraud and breach of contract against Dr. Juergen Rodegra, an attorney who is also a German citizen. By order dated April 12, 2019, the Court ordered Plaintiff to show cause why this matter should not be dismissed for lack of subject matter jurisdiction. Plaintiff filed a response, and the Court has reviewed it. For the following reasons, this action is dismissed.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

The Court assumes familiarity with the underlying facts of this case as summarized in the Court's April 12, 2019 order. Briefly, in 2016, Plaintiff paid Defendant a retainer of 17, 850 Euros, the equivalent of $20,000, to file a lawsuit in this Court "about damages of Reichsmark 1910 against Federal Republic Germany," but no lawsuit was ever filed. (ECF No. 1 ¶ 1.) Plaintiff and Defendant reside in Germany, but Defendant told Plaintiff that he was admitted to the New York bar. Plaintiff later discovered that Defendant's bar membership had been suspended in 2010. Plaintiff asserted that this Court had personal jurisdiction over Defendant pursuant to New York's long-arm statute — New York Civil Practice Law and Rules § 302(a)(1) — because Defendant had engaged in "significant activities" in New York.

In the April 12, 2019 order, the Court directed Plaintiff to show cause why the matter should not be dismissed for lack of subject matter jurisdiction because: (1) the complaint contained no facts suggesting a cause of action under the Court's federal question jurisdiction, 28 U.S.C. § 1331; and (2) diversity jurisdiction under § 1332 was lacking because no party appeared to be a citizen of the United States. *See Grupo Dataflux v. Atlas Global Group*, 541 U.S. 567, 569 (2004).

In responses filed on May 15, 2019, Plaintiff asserts that Defendant is a "German citizen, but Defendant is unknown what citizenship he has. It is possible that he has both American and German citizenship." Plaintiff further states, "It is unclear if Defendant is a citizen of U.S. That topic is to reveal in discovery."[1] (ECF Nos. 7, 8.) At no point does Plaintiff assert that Defendant is domiciled in the United States.

---

[1] English is not Plaintiff's first language.

## DISCUSSION

Plaintiff has not alleged facts showing that there is diversity of citizenship in this action. *See McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936) (holding that the party invoking diversity jurisdiction, "must allege in his pleading the facts essential to show jurisdiction."); *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010) ("The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it").

Plaintiff suggests that Defendant could be either a United States citizen who is domiciled in Germany, or a dual citizen of the United States and Germany. In either instance, this Court lacks diversity jurisdiction. As the Supreme Court has noted, "[i]n order to be a citizen of State within the meaning of the diversity statute, a natural person must be both a citizen of the United States *and* be domiciled within the state." *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 828 (1989) (emphasis in original); *Cornwall Mgmt. Ltd. v. Thor United Corp.,* No. 12-CV-8851 (LLS), 2013 WL 5548812, at *2 (S.D.N.Y. Oct. 8, 2013) ("[T]he language of 1332(a) is specific and requires the conclusion that a suit by or against United States citizens domiciled abroad may not be premised on diversity").

Because Plaintiff has failed to allege facts showing that the Court has diversity jurisdiction over his claims, the complaint is dismissed for lack of subject matter jurisdiction.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: June 14, 2019
        New York, New York

COLLEEN McMAHON
Chief United States District Judge